# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 <br> Honorable Marianne O. Battani |
| In Re: Wire Harness Cases | |
| THIS DOCUMENT RELATES TO: <br> Public Entities | 2:14-cv-00106-MOB-MKM <br><br> **Oral Argument Scheduled for** <br> **January 28, 2015** |

### DEFENDANTS' COLLECTIVE MOTION (1) TO DISMISS ALL CLASS COMPONENTS OF THE COMPLAINT AND (2) FOR A MORE DEFINITE STATEMENT REGARDING NAMED PLAINTIFFS' INDIVIDUAL CLAIMS

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(e) and 23(d)(1)(D), Defendants[1] respectfully move this Court (1) to dismiss all class components of the Amended Complaint (Docket No. 31) filed on October 3, 2014 on behalf of the City of Richmond, the City of Traverse City, Oakland County, Mecklenburg County, and the Village of Northport ("Named Plaintiffs") and (2) order each Named Plaintiff to provide a more definite statement explaining its capacity and authority to assert claims in this case and to do so while being represented solely by private counsel.  In support of this motion, Defendants state as follows:

1.  Defendants base this motion upon the accompanying memorandum of law in support, the materials contained in the Appendix accompanying the memorandum, oral argument of

---

[1]     DENSO Corporation; DENSO International America, Inc.; Fujikura Ltd.; Furukawa Electric Co., Ltd.; American Furukawa, Inc.; G.S. Electech, Inc.; G.S.W. Manufacturing, Inc.; G.S. Wiring Systems, Inc.; Leoni Wiring Systems, Inc.; Leonische Holding Inc.; Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; K&S Wiring Systems, Inc.; Sumitomo Electric Wintec America, Inc.; Sumitomo Wiring Systems (U.S.A.) Inc.; Tokai Rika Co., Ltd.; TRAM, Inc.; Yazaki Corporation; and Yazaki North America, Inc.

counsel, and such other and further material as the Court may consider.

2. As further explained in the accompanying memorandum, there are three fundamental reasons why all of the class components of the Amended Complaint must be dismissed.

A.      As a matter of law, all aspects of the Amended Complaint that purport to assert claims on behalf of States or their sovereign subunits ("State Entities") must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 23(d)(1)(D).  The sovereign immunity enjoyed by State Entities under the Eleventh Amendment to the U.S. Constitution bars inclusion of them in a class action absent their affirmative, clear and express consent, which the Amended Complaint fails to allege.

B.      As a matter of law, all claims asserted on behalf of absent government entities must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 23(d)(1)(D) because the Named Plaintiffs and their solely private counsel have not and cannot allege that they have the necessary authority to litigate on behalf of such entities and to usurp the role of those entities' official government lawyers to represent them in court.

D.      The five Named Plaintiffs, who are located in only four States (and do not claim to have suffered injury elsewhere), lack any plausible standing or other basis to assert claims under the laws of *thirteen* other States to which they have no connection. As a matter of law, all claims asserted under the laws of those thirteen States (i.e., Arizona, Iowa, Maine, Maryland, Minnesota, Nebraska, Nevada, New Hampshire, New Mexico, North Dakota, South Dakota, West Virginia, and Wisconsin), must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

3. The Amended Complaint does not allege whether or how any Named Plaintiff has approved its participation in this litigation or its representation by private counsel, and no

government attorney for any Named Plaintiff has appeared in this litigation.  Pursuant to Fed. R. Civ. P. 12(e), the Court should order each of the Named Plaintiffs to provide a more definite statement regarding the steps (if any) their governing officers have taken to authorize them to pursue their own claims in this proceeding and to be represented by private counsel.

4.  As required by E.D. Mich. Local Rule 7.1(a), counsel for Defendants sought concurrence from Plaintiff's counsel with respect to the relief sought by this motion, including in a teleconference on October 10, 2014.  During that call, counsel for Defendants explained the nature of this motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (i.e., dismissal of all class elements of the complaint and a more definite statement from each Named Plaintiff).

Respectfully submitted.

WILMER CUTLER PICKERING HALE
AND DORR LLP

October 31, 2014                    By:      /s/ Steven F. Cherry
                                             Steven F. Cherry
                                             Patrick J. Carome
                                             David P. Donovan
                                             David S. Molot
                                             Brian C. Smith
                                             Kurt G. Kastorf
                                             WILMER CUTLER PICKERING HALE
                                             AND DORR LLP
                                             1875 Pennsylvania Avenue, NW
                                             Washington, DC  20006
                                             Telephone: (202) 663-6000
                                             Facsimile:  (202) 663-6363
                                             steven.cherry@wilmerhale.com
                                             patrick.carome@wilmerhale.com
                                             david.donovan@wilmerhale.com
                                             david.molot@wilmerhale.com
                                             brian.smith@wilmerhale.com
                                             kurt.kastorf@wilmerhale.com

                                             *Attorneys for Defendants DENSO Corporation*

3

*and DENSO International America, Inc.*

Steven M. Zarowny (P33362)
General Counsel
DENSO INTERNATIONAL AMERICA, INC.
24777 Denso Drive
Southfield, MI  48033
Telephone: (248) 372-8252
Facsimile:  (248) 213-2551
STEVE_ZAROWNY@denso-diam.com

*Attorney for Defendants DENSO International
America, Inc.*


ARNOLD & PORTER LLP

October 31, 2014          By:    /s/ James L. Cooper (w/consent)
                                 James L. Cooper
                                 Michael A. Rubin
                                 Laura Cofer Taylor
                                 Katherine Clemons
                                 ARNOLD & PORTER LLP
                                 555 Twelfth Street, NW
                                 Washington, DC  20004
                                 Telephone: (202) 942-5000
                                 Facsimile:  (202) 942-5999
                                 james.cooper@aporter.com
                                 michael.rubin@aporter.com
                                 laura.taylor@aporter.com
                                 katherine.clemons@aporter.com

                                 Joanne Geha Swanson (P33594)
                                 Fred Herrmann (P49519)
                                 Matthew L. Powell (P69186)
                                 KERR, RUSSELL AND WEBER, PLC
                                 500 Woodward Avenue, Suite 2500
                                 Detroit, MI  48226
                                 Telephone: (313) 961-0200
                                 Facsimile:  (313) 961-0388
                                 jswanson@kerr-russell.com
                                 fherrmann@kerr-russell.com
                                 mpowell@kerr-russell.com

*Attorneys for Defendant Fujikura Ltd.*

LANE POWELL PC

October 31, 2014      By:    <u>/s/ Larry S. Gangnes (w/consent)</u>
Larry S. Gangnes
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111
Telephone: (206) 223-7000
Facsimile:  (206) 223-7107
gangnesl@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
LANE POWELL PC
ODS Tower
601 SW Second Avenue, Suite 2100
Portland, OR  97204
Telephone: (503) 778-2100
Facsimile:  (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com

Richard Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 West Big Beaver Road, Suite 600
Troy, MI  48084
Telephone: (248) 528-1111
Facsimile:  (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric Co.,
Ltd. and American Furukawa, Inc.*

PORTER WRIGHT MORRIS &
ARTHUR LLP

October 31, 2014      By:    <u>/s/ Donald M. Barnes (w/consent)</u>
Donald M. Barnes

Jay L. Levine
Molly S. Crabtree
John C. Monica, Jr.
Jason E. Starling
PORTER WRIGHT MORRIS &
ARTHUR LLP
1900 K Street, NW, Suite 1110
Washington, DC  20006
Telephone:  (202) 778-3000
Facsimile:  (202) 778-3063
dbarnes@porterwright.com
jlevine@porterwright.com
mcrabtree@porterwright.com
jmonica@porterwright.com
jstarling@porterwright.com

*Attorneys for Defendants G.S. Electech, Inc.,
G.S.W. Manufacturing, Inc., and G.S. Wiring
Systems, Inc.*


O'MELVENY & MYERS LLP

October 31, 2014              By:   /s/ Michael F. Tubach (w/consent)
                                    Michael F. Tubach
                                    O'MELVENY & MYERS LLP
                                    Two Embarcadero Center, 28th Floor
                                    San Francisco, CA  94111
                                    Telephone:  (415) 984-8700
                                    Facsimile:  (415) 984-8701
                                    mtubach@omm.com

                                    Michael R. Turco
                                    BROOKS WILKINS SHARKEY & TURCO
                                    PLLC
                                    401 South Old Woodward, Suite 400
                                    Birmingham, MI  48009
                                    turco@bwst-law.com
                                    Telephone:  (248) 971-1713
                                    Facsimile:  (248) 971-1801

                                    *Attorneys for Defendants Leoni Wiring Systems,
                                    Inc. and Leonische Holding Inc.*


LATHAM & WATKINS LLP

October 31, 2014               By:      /s/ Marguerite M. Sullivan (w/consent)

                                                  Marguerite M. Sullivan
LATHAM & WATKINS
555 Eleventh Street NW, Suite 1000
Washington, DC  20004
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201
marguerite.sullivan@lw.com

Daniel M. Wall
LATHAM & WATKINS
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
Telephone: (415) 395-0600
Facsimile:  (415) 395-8095
dan.wall@lw.com

William H. Horton (P31567)
GIARMARCO, MULLINS & HORTON, P.C.
101 West Big Beaver Road, Tenth Floor
Troy, MI  48084-5280
Telephone: (248) 457-7060
Facsimile:  (248) 457-7001
bhorton@gmhlaw.com

*Attorneys for Defendants Sumitomo Electric Industries, Ltd., Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc., K&S Wiring Systems, Inc., Sumitomo Electric Wintec America, Inc., and Sumitomo Wiring Systems (U.S.A.) Inc.*

BUTZEL LONG

October 31, 2014               By:      /s/ David F. DuMouchel (w/consent)

                                                  David F. DuMouchel
Sheldon H. Klein
George B. Donnini
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI  48226
Telephone: (313) 225-7000
Facsimile:  (313) 225-7080
dumouched@butzel.com

klein@butzel.com
donnini@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
TMiller@bakerandmiller.com

*Attorneys for Defendants TRAM, Inc. and
Tokai Rika Co., Ltd.*

JONES DAY

October 31, 2014          By:   /s/ John M. Majoras (w/consent)
                                John M. Majoras
                                Michael R. Shumaker
                                Carmen G. McLean
                                Tiffany D. Lipscomb-Jackson
                                JONES DAY
                                51 Louisiana Avenue, NW
                                Washington, DC 20001-2113
                                Telephone: (202) 879-3939
                                Facsimile: (202) 626-1700
                                jmmajoras@jonesday.com
                                mrshumaker@jonesday.com
                                cgmclean@jonesday.com
                                tdlipscombjackson@jonesday.com

                                Michelle K. Fischer
                                Stephen J. Squeri
                                JONES DAY
                                North Point
                                901 Lakeside Avenue
                                Cleveland, OH 44114
                                Telephone: (216) 586-3939
                                Facsimile: (216) 579-0212
                                mfischer@jonesday.com
                                sjsqueri@jonesday.com

                                *Attorneys for Defendants Yazaki Corporation and
                                Yazaki North America, Inc.*

8

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Wire Harness Cases | |
| THIS DOCUMENT RELATES TO: Public Entities | 2:14-cv-00106-MOB-MKM **Oral Argument Scheduled for January 28, 2015** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' COLLECTIVE MOTION (1) TO DISMISS ALL CLASS COMPONENTS OF THE COMPLAINT AND (2) FOR A MORE  DEFINITE STATEMENT REGARDING NAMED PLAINTIFFS' INDIVIDUAL CLAIMS**

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

1.      Whether the Court has jurisidiction under the Eleventh Amendment and principles of sovereign immunity to hear Plaintiffs' claims on behalf of absent States and their sovereign subunits.

2.      Whether private Plaintiffs' counsel can allege claims on behalf of States, counties, cities, and other municipalities without the authorization and involvement of those entities' respective government attorneys.

3.      Whether each Named Plaintiff should be ordered, pursuant to Fed. R. Civ. P 12(e), to provide a more definite statement regarding the steps (if any) its governing officers have taken to authorize it to pursue its individual claims in this proceeding and to be represented by private counsel in lieu of its official government counsel.

4.      Whether the five Named Plaintiffs have constitutional standing to assert injury under the laws of thirteen States in which they are neither located nor claim to have suffered injury.

5.      Whether the fundamental defects in the Amended Complaint warrant immediate dismissal of all claims asserted on behalf of absent government entities.

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

I.   **The Eleventh Amendment Requires Dismissal Of All Claims Asserted On Behalf Of States And Their Sovereign Subunits**

- U.S. Const. Amend. XI
- *DLX, Inc. v. Kentucky*, 381 F.3d 511 (6th Cir. 2004)
- *Thomas v. FAG Bearings Corp.*, 50 F.3d 502 (8th Cir. 1995)
- *Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 422 F.3d 392 (6th Cir. 2005)
- *Starkey ex rel. A.B. v. Boulder Country Social Servs.*, 569 F.3d 1244 (10th Cir. 2009)
- *Walker v. Liggett Group, Inc.*, 982 F. Supp. 1208 (S.D. W. Va. 1997)

II.  **The Class Allegations Must Be Dismissed Because Absent Government Entities Have Their Own Statutorily Appointed Legal Representatives Whose Roles May Not Be Usurped By Private Counsel**

- *County of Cook ex rel. Rifkin v. Bear Stearns & Co.*, 831 N.E.2d 563 (Ill. 2005)
- *Dallas County v. Merscorp, Inc.*, 2012 WL 6208385 (N.D. Tex. Dec. 13, 2012)
- *McCloy v. Correction Med. Servs.*, 2008 WL 5350623 (E.D. Mich. 2008)
- *Walker v. Liggett Group, Inc.*, 982 F. Supp. 1208 (S.D. W. Va. 1997)
- Fed. R. Civ. P. 12(e)

Arizona
- Ariz. Rev. Stat. § 41-192
- 1989 Ariz. Op. Att'y Gen. 44

California
- Cal. Gov't Code § 25203
- City of Richmond Charter, art. IV, § 3
- City of Richmond Code 2.52.320(a)
- City of San Diego City Charter, Article V, Section 40
- Oakland City Charter, Article IV, Section 401(6)
- Palo Alto Municipal Code, Title 2, Section 2.08.120
- *Merced County v. Cook*, 52 P. 721 (Cal. 1898)
- *People v. Parmar*, 104 Cal. Rptr. 2d 31 (Cal. App. 2001)

Maine
- Me. Rev. Stat. tit. 5, § 191(3)
- *Duckworth v. Deane*, 903 A.2d 883 (Me. 2006)

Maryland
- Md. Code, State Gov't § 6-106
- *Martin v. Thornburg*, 359 S.E.2d 472 (N.C. 1987)

Michigan
- Mich. Comp. Laws § 14.28
- Mich. Comp. Laws § 45.563(e)
- Mich. Comp. Laws § 49.153
- Mich. Comp. Laws § 49.71
- Mich. Comp. Laws § 87.20
- Charter of the City of Alpena § 7.8(b)
- Charter of the City of Buchanan § 4.16(b)
- Charter of the City of Cheboygan § 7.5(b)
- Charter of the City of Dearborn Heights § 5.13
- Charter of the City of Hillsdale § 4.15(b)
- Charter of the City of Traverse City § 47
- *Bay County Exec. v. Bay County Bd. of Comm'rs*, 443 N.W.2d 168 (Mich. App. 1989)
- *In re Certified Question*, 638 N.W.2d 409 (Mich. 2002)
- *Wayne County Prosecuting Att'y v. Wayne County Bd. of Comm'rs*, 205 N.W.2d 27 (Mich. App. 1972)

Minnesota
- Minn. Stat. § 8.01
- *State ex rel. Peterson v. City of Fraser*, 254 N.W. 776 (Minn. 1934)

New Mexico
- N.M. Stat. § 8-5-2(B)
- *Abreu v. New Mexico Children, Youth and Families Dep't*, 646 F. Supp. 2d 1259 (D.N.M. 2009)

New York
- N.Y. Exec. Law § 63(1)
- N.Y. Second Class Cities Law § 201
- N.Y. Town Law § 65
- N.Y. Village Law § 4-400(1)(d)
- *Morgan v. New York State Dep't of Envtl. Conservation*, 779 N.Y.S.2d 643 (N.Y. App. Div. 2004)
- *County of Sullivan v. Town of Thompson*, 471 N.Y.S.2d 399 (N.Y. App. Div. 1984)
- *Incorporated Village of Northport v. Town of Huntington*, 604 N.Y.S.2d 587 (N.Y. App. Div. 1993)
- *Town of Claverack v. Brew*, 716 N.Y.S.2d 748 (N.Y. App. Div. 2000)

North Carolina
- N.C. Gen. Stat. § 114-2(1)
- N.C. Gen. Stat. § 153A-11
- N.C. Gen. Stat. § 153A-12
- N.C. Gen. Stat. § 153A-114
- N.C. Gen. Stat. § 160A-173
- City of Winston-Salem Code § 2-318(a)

- Town of Mint Hill Charter § 5.2
- Town of Wake Forest Charter § 6.2
- *Bethune v. County of Harnett*, 507 S.E.2d 40 (N.C. 1998)
- *Martin v. Thornburg*, 359 S.E.2d 472 (N.C. 1987)

West Virginia
- W. Va. Code § 5-3-2
- *State ex rel. McGraw v. Burton*, 569 S.E.2d 99 (W.Va. 2002)

**III.    All Claims Under The Law Of States In Which No Named Plaintiff Is Located Or Claims Injury Must Be Dismissed**

- Md. Code, Com. Law § 11-209(b)(2)(ii)
- *Davidson v. Microsoft Corp.*, 792 A.2d 336 (Md. Ct. Spec. App. 2002)
- *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098 (N.D. Cal. 2007)
- *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642 (E.D. Mich. 2011)
- *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907 (N.D. Ill. 2009)
- *In re Refrigerant Compressors Antitrust Litig.*, 2012 WL 2917365 (E.D. Mich. July 17, 2012)
- *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143 (E.D. Pa. 2009)
- *Lewis v. Casey*, 518 U.S. 343 (1996)
- *Smith v. Lawyers Title Ins. Corp.*, 2009 WL 514210 (E.D. Mich. Mar. 2, 2009)

**IV.    These Jurisdictional And Other Threshold Defects Should Be Addressed Now**

- *Hansberry v. Lee*, 311 U.S. 32 (1940)
- *In re Lithium Ion Batteries Antitrust Litigation*, 2014 WL 4955377 (N.D. Cal. Oct. 2, 2014)
- *Sagers v. Yellow Freight Sys., Inc.*, 68 F.R.D. 686 (N.D. Ga. 1975)
- *Walker v. Liggett Group, Inc.*, 982 F. Supp. 1208 (S.D. W. Va. 1997)
- Fed. R. Civ. P. 23(d)(1)(D)

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES PRESENTED ............................................................. i

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES .................. ii

TABLE OF AUTHORITIES ................................................................ vi

INDEX OF EXHIBITS ................................................................ xiii

INTRODUCTION ................................................................ 1

STATEMENT OF FACTS ................................................................ 3

ARGUMENT ................................................................ 7

I.    THE ELEVENTH AMENDMENT REQUIRES DISMISSAL OF ALL CLAIMS
      ASSERTED ON BEHALF OF STATES AND THEIR SOVEREIGN SUBUNITS .......... 7

II.   THE CLASS ALLEGATIONS MUST BE DISMISSED BECAUSE ABSENT
      GOVERNMENT ENTITIES HAVE THEIR OWN STATUTORILY APPOINTED
      LEGAL REPRESENTATIVES WHOSE ROLES MAY NOT BE USURPED BY
      PRIVATE COUNSEL ................................................................ 12

      A.    The States May Be Represented Only By Their Duly Appointed Or Elected
            Government Attorneys—The Attorneys General .................................... 12

      B.    Counties, Cities, And Other Municipal Corporations Also Must Be
            Represented By Their Own Official Government Attorneys ............................ 16

      C.    Dismissal Of All Claims Of Absent Class Members Is Necessary To Avoid
            Wholesale Violations Of These Numerous State And Local Laws ...................... 22

      D.    Named Plaintiffs Should Be Ordered To Provide A More Definite
            Statement Demonstrating That They Have Been Duly Authorized To
            Commence This Litigation And To Be Represented By Private Counsel ............ 24

III.  ALL CLAIMS UNDER THE LAW OF STATES IN WHICH NO NAMED
      PLAINTIFF IS LOCATED OR CLAIMS INJURY MUST BE DISMISSED ................ 26

IV.   THESE JURISDICTIONAL AND OTHER THRESHOLD DEFECTS SHOULD
      BE ADDRESSED NOW ................................................................ 29

CONCLUSION ................................................................ 32

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Abreu v. New Mexico Children, Youth & Families Department,*
   646 F. Supp. 2d 1259 (D.N.M. 2009) ...................................................................15

*Angel v. Kentucky,*
   314 F.3d 262 (6th Cir. 2002) ...............................................................................11

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .............................................................................................26

*Associated General Contractors of California, Inc. v. California State Council of Carpenters,*
   459 U.S. 519 (1983) .............................................................................................30

*Atascadero State Hospital v. Scanlon,*
   473 U.S. 234 (1985) .............................................................................................11

*Bay County Executive v. Bay County Board of Commissioners,*
   443 N.W.2d 168 (Mich. App. 1989) ..............................................................19, 25

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) .............................................................................................26

*Bethune v. County of Harnett,*
   507 S.E.2d 40 (N.C. 1998) ...................................................................................25

*California ex rel. Lockyer v. Dynegy, Inc.,*
   375 F.3d 831 (9th Cir. 2004) .................................................................................8

*College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board,*
   527 U.S. 666 (1999) ...............................................................................................9

*County of Cook ex rel. Rifkin v. Bear Stearns & Co.,*
   831 N.E.2d 563 (Ill. 2005) ...................................................................................23

*County of Sullivan v. Town of Thompson,*
   471 N.Y.S.2d 399 (N.Y. App. Div. 1984) ...........................................................17

*Coventry School Committee v. Richtarik,*
   411 A.2d 912 (R.I. 1980) ......................................................................................22

*Dallas County, Texas v. Merscorp, Inc.,*
   No. 11-cv-02733, 2012 WL 6208385 (N.D. Tex. Dec. 13, 2012) .......................23

*Davidson v. Microsoft Corp.*,
    792 A.2d 336 (Md. Ct. Spec. App. 2002) ...........................................................27

*DLX, Inc. v. Kentucky*,
    381 F.3d 511 (6th Cir. 2004) .............................................................................11

*Duckworth v. Deane*,
    903 A.2d 883 (Md. 2006) ...................................................................................15

*Ex parte Ayers*,
    123 U.S. 443 (1887).............................................................................................11

*Ex parte Young*,
    209 U.S. 123 (1908)...............................................................................................8

*Hansberry v. Lee*,
    311 U.S. 32 (1940)..............................................................................................31

*Hevesi v. Pataki*,
    643 N.Y.S.2d 895 (N.Y. Sup. Ct. 1996) ...........................................................18

*In re Automotive Parts Antitrust Litigation*,
    Nos. 12-cv-00102 & 00103, 2013 WL 2456612 (E.D. Mich. June 6, 2013).....................7, 27

*In re Automotive Parts Antitrust Litigation*,
    Nos. 12-cv-00202 & 00203, 2014 WL 2993753 (E.D. Mich. July 3, 2014) ........................27

*In re Automotive Parts Antitrust Litigation*,
    Nos. 12-cv-00302 & 00303, 2014 WL 2993742 (E.D. Mich. July 3, 2014) ........................27

*In re Auto. Parts Antitrust Litigation*,
    Nos. 12-cv-00402 & 00403, 2014 WL 2999269 (E.D. Mich. July 3, 2014) ........................27

*In re Certified Question*,
    638 N.W.2d 409 (Mich. 2002).............................................................................14

*In re Ditropan XL Antitrust Litigation*,
    529 F. Supp. 2d 1098 (N.D. Cal. 2007) ..............................................................29

*In re Lithium Ion Batteries Antitrust Litigation*,
    No. 13-md-02420, 2014 WL 4955377 (N.D. Cal. Oct. 2, 2014)...................................3, 30, 31

*In re Packaged Ice Antitrust Litigation*,
    779 F. Supp. 2d 642 (E.D. Mich. 2011)..............................................................29

*In re Potash Antitrust Litigation*,
    667 F. Supp. 2d 907 (N.D. Ill. 2009) ..................................................................29

*In re Refrigerant Compressors Antitrust Litigation*,
  No. 09-md-02042, 2012 WL 2917365 (E.D. Mich. July 17, 2012).................................28-29

*In re Estate of Thompson*,
  414 A.2d 881 (Me. 1980)..............................................................................................15

*In re McKesson Governmental Entities Average Wholesale Price Litigation*,
  767 F. Supp. 2d (D. Mass. 2011) ...................................................................................9

*In re Wellbutrin XL Antitrust Litigation*,
  260 F.R.D. 143 (E.D. Pa. 2009).....................................................................................29

*Incorporated Village of Northport v. Town of Huntington*,
  604 N.Y.S.2d 587 (N.Y. App. Div. 1993) ....................................................................25

*Jackson v. CitiMortgage*,
  No. 10-14221, 2011 WL 479923 (E.D. Mich. Feb. 4, 2011).........................................7

*Johnson v. University of Cincinnati*,
  215 F.3d 561 (6th Cir. 2000) .........................................................................................8

*Lawson v. Shelby County, Tennessee*,
  211 F.3d 331 (6th Cir. 2000) .........................................................................................8

*Lewis v. Casey*,
  518 U.S. 343 (1996).......................................................................................................28

*Martin v. Thornburg*,
  359 S.E.2d 472 (N.C. 1987)...........................................................................................14

*McCloy v. Correction Medical Services*,
  No. 07-13839, 2008 WL 5350623 (E.D. Mich. 2008)...................................................24

*Merced County v. Cook*,
  52 P. 721 (Cal. 1898) .....................................................................................................23

*Mikhail v. Kahn*,
  991 F. Supp. 2d 596 (E.D. Pa. 2014) .............................................................................8

*Morgan v. New York State Department of Environmental Conservation*,
  779 N.Y.S.2d 643 (N.Y. App. Div. 2004) ....................................................................13

*New York ex rel. Boardman v. National Railroad Passenger Corp.*,
  233 F.R.D. 259 (N.D.N.Y. 2006)...................................................................................13

*Pelt v. Utah*,
  539 F.3d 1271 (10th Cir. 2008) .....................................................................................31

*People v. Parmar,*
 104 Cal. Rptr. 2d 31 (Cal. Ct. App. 2001) ...................................................21

*Police Officers Assocation of Michigan v. Oakland County,*
 354 N.W.2d 367 (Mich. Ct. App. 1984) ......................................................25

*Port Authority Trans-Hudson Corp. v. Feeney,*
 495 U.S. 299 (1990)......................................................................................11

*Pucci v. Nineteenth District Court,*
 628 F.3d 752 (6th Cir. 2010) .......................................................................7, 8

*RMI Titanium Co. v. Westinghouse Electric Corp.,*
 78 F.3d 1125 (6th Cir. 1996) ...........................................................................7

*Rosen v. Tennessee Commissioner of Finance & Administration,*
 288 F.3d 918 (6th Cir. 2002) ........................................................................28

*Sagers v. Yellow Freight Systems, Inc.,*
 68 F.R.D. 686 (N.D. Ga. 1975).....................................................................31

*Smith v. Lawyers Title Insurance Corp.,*
 No. 07-12124, 2009 WL 514210 (E.D. Mich. Mar. 2, 2009) .....................29

*Sobel v. Hertz Corp.,*
 No. 06-cv-00545, 2011 WL 2559565 (D. Nev. June 27, 2011) ...................9

*Starkey ex rel. A.B. v. Boulder County Social Services,*
 569 F.3d 1244 (10th Cir. 2009) ....................................................................11

*State ex rel. McGraw v. Burton,*
 569 S.E.2d 99 (W. Va. 2002)..................................................................15-16

*State ex rel. Peterson v. City of Fraser,*
 254 N.W. 776 (Minn. 1934)..........................................................................15

*Thomas v. FAG Bearings Corp.,*
 50 F.3d 502 (8th Cir. 1995) ...............................................................2, 8, 9, 10

*Tietsworth v. Sears, Roebuck & Co.,*
 720 F. Supp. 2d 1123 (N.D. Cal. 2010) .......................................................30

*Touvell v. Ohio Department of Mental Retardation & Developmental Disabilities,*
 422 F.3d 392 (6th Cir. 2005) ........................................................................11

*Town of Claverack v. Brew,*
 716 N.Y.S.2d 748 (N.Y. App. Div. 2000) ............................................ *passim*

*Walker v. Liggett Group, Inc.*,
     982 F. Supp. 1208 (S.D. W. Va. 1997)...........................................................*passim*

*Wayne County Prosecuting Attorney v. Wayne County Board of Commissioners*,
     205 N.W.2d 27 (Mich. App. 1972)...........................................................19

## CONSTITUTIONS

U.S. Const. Amend. XI ...........................................................1, 7, 8, 9, 10, 11, 12

## STATUTES

Ariz. Rev. Stat. § 41-192 ...........................................................14

Cal. Gov't Code § 25203 ...........................................................21

Md. Code, Com. Law § 11-209(b)(2)(ii) ...........................................................27

Md. Code, State Gov't § 6-106 ...........................................................15

Me. Rev. Stat. tit. 5, § 191(3) ...........................................................14

Mich. Comp. Laws § 14.28...........................................................14

Mich. Comp. Laws § 45.563(e) ...........................................................19

Mich. Comp. Laws § 49.153...........................................................19

Mich. Comp. Laws § 49.71...........................................................19, 25

Mich. Comp. Laws § 87.20...........................................................20, 25

Minn. Stat. § 8.01...........................................................15

N.C. Gen. Stat. § 114-2(1) ...........................................................13

N.C. Gen. Stat. § 153A-11 ...........................................................25

N.C. Gen. Stat. § 153A-12 ...........................................................25

N.C. Gen. Stat. § 153A-114 ...........................................................21

N.C. Gen. Stat. § 160A-173 ...........................................................21

N.M. Stat. § 8-5-2(B) ...........................................................15

N.Y. County Law §§ 500-501...........................................................17

N.Y. Exec. Law § 63(1) ..................................................................................13

N.Y. Second Class Cities Law § 201 ..............................................................18

N.Y. Town Law § 65 .......................................................................................17

N.Y. Village Law § 4-400(1)(d) .....................................................................25

W. Va. Code § 5-3-2 ......................................................................................15


LOCAL CODES AND CHARTERS

**Michigan**

Charter of the City of Alpena § 7.8(b)............................................................20

Charter of the City of Buchanan § 4.16(b) .....................................................20

Charter of the City of Cheboygan § 7.5(b) .....................................................20

Charter of the City of Dearborn Heights § 5.13.............................................20

Charter of the City of Hillsdale § 4.15(b) ......................................................20

Charter of the City of Traverse City § 47 ......................................................25

**California**

City of Richmond Charter, art. IV, § 3 .......................................................4, 25

City of Richmond Code 2.52.320(a)...............................................................25

City of San Diego City Charter, Article V, Section 40....................................21

Oakland City Charter, Article IV, Section 401(6) ..........................................21

Palo Alto Municipal Code, Title 2, Section 2.08.120 .....................................21

**New York**

Buffalo City Charter § 12-4 ...........................................................................18

New York City Charter § 394(a) .....................................................................18

Syracuse City Charter § 5-1101(3) ................................................................18

**North Carolina**

    City of Winston-Salem Code § 2-318(a) ......................................................21

    Town of Mint Hill Charter § 5.2 ........................................................... 21-22

    Town of Wake Forest Charter § 6.2...........................................................22

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ...................................................7, 10, 11, 32

Federal Rule of Civil Procedure 12(b)(6) ...................................................32

Federal Rule of Civil Procedure 12(e) .....................................................24, 26, 32

Federal Rule of Civil Procedure 23(d)......................................................10, 30, 32

**OTHER**

1989 Ariz. Op. Att'y Gen. 44 ......................................................................14

56 Am. Jur. 2d *Municipal Corporations, Etc.* § 194 ..................................22

McQuillin: The Law of Municipal Corporations (3d ed. 1966) ...................22

Michigan Municipal League, Member Resource Services, "Charter Commissioners
    Handbook: Structure of Local Government"..........................................20

2:14-cv-00106-MOB-MKM   Doc # 36   Filed 10/31/14   Pg 22 of 61   Pg ID 287

## <u>INDEX OF EXHIBITS</u>

| **EXHIBIT A** | October 9, 2014 Letter from Defendants to Plaintiffs regarding questions in advance of meet and confer |
|---|---|
| **EXHIBIT B** | October 15, 2014 Letter from Plaintiffs to Defendants regarding response to Defendants' questions |
| **EXHIBIT C** | Appendix of State Statutes and City Charters Cited in Part II of Memorandum of Points and Authorities |

xiii

**INTRODUCTION**

This motion raises issues never before briefed or decided by this Court in any case in the Auto Parts MDL.  Five local government entities (the "Named Plaintiffs"), represented solely by private, non-governmental counsel, have filed a putative class action purportedly on behalf of nine States and thousands of local government entities (the latter from every State in the country) that indirectly purchased an automotive Wire Harness System during an asserted class period. No basis exists to believe that *any* government official with formal legal authority and responsibility to represent *any* of these thousands of absent government entities has authorized these private attorneys to assert and litigate claims on their behalf.  And even with respect to the five Named Plaintiffs, nothing in the Amended Complaint even suggests the governing bodies or officials of these cities and counties authorized private counsel to commence this litigation. Defendants[1] therefore move to dismiss the Amended Complaint.

The Amended Complaint requires dismissal for several reasons.  *First*, without pleading facts to suggest that any State has affirmatively waived its sovereign immunity and consented to have its interests adjudicated in this Court, the Amended Complaint impermissibly asserts claims on behalf of nine States and their sovereign sub-units.  As explained in Part I, this violates the Eleventh Amendment to the U.S. Constitution, which bars a federal court from subjecting a State or sovereign component of a State to its judicial processes without the State's affirmative advance consent.  Absent such consent, this Court lacks jurisdiction over Plaintiffs' claims on

---

[1]     DENSO Corporation; DENSO International America, Inc.; Fujikura Ltd.; Furukawa Electric Co., Ltd.; American Furukawa, Inc.; G.S. Electech, Inc.; G.S.W. Manufacturing, Inc.; G.S. Wiring Systems, Inc.; Leoni Wiring Systems, Inc.; Leonische Holding Inc.; Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; K&S Wiring Systems, Inc.; Sumitomo Electric Wintec America, Inc.; Sumitomo Wiring Systems (U.S.A.) Inc.; Tokai Rika Co., Ltd.; TRAM, Inc.; Yazaki Corporation; and Yazaki North America, Inc.

behalf of such entities. *See, e.g., Walker v. Liggett Group, Inc.*, 982 F. Supp. 1208, 1210 (S.D. W. Va. 1997). These constitutional principles apply equally whether the State or its subunit appears as a "plaintiff" or a "defendant" in the matter. *See, e.g., Thomas v. FAG Bearings Corp.*, 50 F.3d 502, 504-05 (8th Cir. 1995). Subsequent opt-out procedures at the class certification stage would not cure the constitutional violation, and immediate dismissal of all claims purportedly asserted on behalf of States and their sovereign subunits is therefore necessary.

*Second,* States, counties, municipalities and their various subunits typically are governed by statutes, charters and/or other laws that dictate that a particular *public* lawyer and official, such as an Attorney General or a County or City Attorney, will represent the entity in any court proceedings. As explained in Part II, allowing the Named Plaintiffs' private lawyers to litigate claims belonging to numerous other government entities under the rubric of a class action would improperly usurp the roles and duties of these public lawyers and violate the rights of absentee entities to be represented by their own officials. To avoid such a violation, the Court must dismiss all claims asserted on behalf of absent government entities. *See, e.g., Town of Claverack v. Brew*, 716 N.Y.S.2d 748, 750 (N.Y. App. Div. 2000).

*Third*, the Amended Complaint inexplicably asserts claims under the laws of *thirteen* States in which no Named Plaintiff is located or claims to have suffered injury. Am. Compl. ¶¶ 217-250. As explained in Part III, the extent to which Named Plaintiffs are presenting claims under the laws of States to which they have no connection is far greater and more troubling here than in other auto-parts cases addressed earlier by this Court. That fact, together with Plaintiffs' counsel's lack of authorization to proceed on behalf of entities in those other States, requires dismissal of these claims for lack of standing.

*Fourth*, as explained in Part IV, important practical considerations militate heavily in favor of resolving these issues now. As another federal court in a similar multidistrict antitrust litigation recognized earlier this month, *threshold* dismissal of claims on behalf of a putative national class of government entities is necessary to avoid massive—but ultimately unneeded—discovery and the potentially insurmountable burdens required to protect absent class members' interests. *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-2420, 2014 WL 4955377, at *18 (N.D. Cal. Oct. 2, 2014). In addition, it would be impossible for any meaningful settlement negotiations to occur with respect to a putative class action in which (a) the named class representatives and their private counsel lack legal authority and capacity to represent absent putative class members and (b) the Court lacks jurisdiction over many of the putative class members (such that even a court-approved class settlement could have no binding effect on them).

## STATEMENT OF FACTS

The Amended Complaint alleges that, from 2000 to 2010, Defendants manufactured Wire Harness Systems and artificially raised their prices for these systems in violation of federal and state antitrust laws. Am. Compl ¶¶ 83-86. The Amended Complaint further alleges that the Named Plaintiffs were indirect purchasers of Wire Harness Systems and were harmed by paying supra-competitive prices for automobiles that included Wire Harness Systems. Am. Compl. ¶¶ 29-33.

In the original Complaint, the sole Named Plaintiff was the City of Richmond, California ("Richmond"). That pleading purported to define two plaintiff classes: *first*, a so-called "Nationwide Class" comprising "[a]ll states, state subdivisions, agencies and instrumentalities and local government subdivisions and agencies, including but not limited to municipalities, cities, counties and towns" that indirectly purchased Wire Harness Systems during the class

period, for whom equitable and injunctive relief was sought, Compl. ¶ 170; and *second*, a so-called "Damages Class," comprising all of the government entities in the Nationwide Class whose indirect purchases of Wire Harness Systems were made in any of eighteen "Relevant States," for whom damages were sought under the laws of those States, *id.* ¶ 171.

Although Richmond has a publicly appointed City Attorney,[2] the only lawyers who appeared on the original Complaint were from private law firms. *See* Compl. at 106-08. The Complaint contained no indication that either Richmond or these private counsel had sought or obtained any consent or authorization from any States or other government entities to represent them in this proceeding, or that any arrangements were in place for Richmond's City Attorney to supervise and control private counsel's representation of Richmond.

In March 2014, shortly after the original Complaint was filed, Richmond's private counsel told Defendants that they would soon amend the Complaint to add one or more additional plaintiffs. Shortly thereafter, Defendants' counsel advised Richmond's private counsel that Defendants believed the original Complaint was defective and that, absent corrective amendments, they would move to dismiss on the grounds that are now set forth here. Although Richmond's counsel told Defendants' counsel that they would consider Defendants' points and then get back to Defendants' counsel, they never did so.

The Amended Complaint, filed on October 3, 2014, adds four new Named Plaintiffs and redefines the classes of absent government entities that they purport to represent, but it does not solve any of the problems that Defendants identified with respect to the original Complaint. The

---

[2]     City of Richmond Charter, art. IV, § 3 ("Attorney. The Attorney shall act as the legal adviser of the Council and any officer of the City who requests his advice. … He shall prosecute all violators of the City ordinances and shall represent the City in all actions."). *See also* City of Richmond, City Attorney's Office, http://www.ci.richmond.ca.us/Index.aspx?NID =58.

new Plaintiffs are Traverse City, Michigan; Oakland County, Michigan; Mecklenburg County, North Carolina; and Village of Northport, New York.  Am. Compl. ¶¶ 30-34.  The so-called "Nationwide Class" seeking equitable and injunctive relief has been redefined to exclude States or sovereign sub-units of States, but it still purports to include "[a]ll municipalities, cities, counties, villages, towns and other local government subdivisions, agencies, districts, special districts and public utilities that indirectly purchased in the United States from any Defendant … an Automotive Wire Harness System not for resale."  *Id.* ¶ 156.

The Amended Complaint also redefines the so-called "Damages Class" to *exclude* from that class half of the States (and their sovereign subunits) that had been included in the original Complaint's corresponding class.  The States now included as members of the "Damages Class" are Arizona, Maine, Maryland, Michigan, Minnesota, New Mexico, New York, North Carolina, and West Virginia, together with "their state subdivisions, agencies and instrumentalities."  Am. Compl. ¶ 157.  With respect to non-State government entities, the Damages Class is now defined to include all "local government subdivisions and agencies, including but not limited to municipalities, cities, counties, villages, towns, districts, special districts and public utilities" that indirectly purchased any Wire Harness System in any of seventeen "Relevant States."  These "Relevant States" include the nine States listed above, as well as California, Iowa, Nebraska, Nevada, New Hampshire, North Dakota, South Dakota, and Wisconsin.  *Id.*

Even though the Amended Complaint includes Named Plaintiffs from only four of the "Relevant States"—i.e., California, Michigan, New York and North Carolina—it purports to assert damages claims under the laws of all seventeen "Relevant States" on behalf of *local* government entities in all of those States.  In contrast, with respect to claims on behalf of States (and sovereign State sub-units), claims are now being asserted for only nine States.  *Id.* ¶¶ 157,

211-250.  This hodge-podge of claims presents a number of anomalies—for example, why does Richmond believe it can represent a class that includes nine States *other than California,* but not its home State of California?  The Amended Complaint explains none of them.

Like the original Complaint, the Amended Complaint is not signed by anyone who holds an official, public position as counsel for any of the Named Plaintiffs or any of the thousands of absent government entities that they purport to represent.  *See* Am. Compl. at 113-15.  Indeed, even though Richmond and Traverse City each has a City Attorney, Oakland County has a Corporation Counsel, and the Village of Northport has a Village Attorney,[3] none of those official government attorneys signed the Amended Complaint nor have any of them otherwise surfaced in these proceedings.  The only additions to the ranks of private counsel appearing on the Amended Complaint are a solo practitioner based in Huntington, New York and a private law firm based in Charlotte, North Carolina.

As part of the meet-and-confer process that preceded the present motion, Defendants' counsel sent Plaintiffs' private counsel a letter posing a number of questions pertaining to the Amended Complaint and the grounds for dismissal that Defendants' counsel had previously raised in discussions concerning the original Complaint.  Even though Defendants' counsel indicated that answers to these questions could provide a basis for Defendants to limit the

---

[3]      Bruce Reed Goodmiller is the City Attorney for the City of Richmond.  *See* City of Richmond, California, City Attorney's Office, http://www.ci.richmond.ca.us/Index.aspx?NID=58.  Lauren Trible-Laucht is the City Attorney for the City of Traverse City.  *See* City of Traverse City, Michigan, City Attorney, http://www.traversecitymi.gov/attorney.asp.  Keith Lerminiaux is Corporation Counsel for Oakland County.  *See* Oakland County, Michigan, *Patterson Appoints Lerminiaux Corporation Counsel*, http://www.oakgov.com/news/Pages/2013/pr_13_77.aspx.  James Matthews is the Village Attorney for the Village of Northport.  *See* Village of Northport, NY, Directory, http://www.northportny.gov/pages/directory.html.  It is not clear if Mecklenburg County has a permanent position for County Attorney, but meetings of the County Board of Commissioners do identify Marvin Bethune as the County Attorney.  *See* Minutes of Mecklenburg County Board of Commissioners, Jan. 7, 2014, http://charmeck.org/mecklenburg/county/countymanagersoffice/bocc/meetings/meeting%20minutes/m010714.pdf.

grounds to be asserted in the present motion, Named Plaintiffs' counsel flatly refused (with one

exception) to answer any of them.[4]

**ARGUMENT**

I.    **THE ELEVENTH AMENDMENT REQUIRES DISMISSAL OF ALL CLAIMS
       ASSERTED ON BEHALF OF STATES AND THEIR SOVEREIGN SUBUNITS**

Before Plaintiffs may proceed with their claims on behalf of State Entities, they must

demonstrate that this Court has jurisdiction.  *Jackson v. CitiMortgage*, No. 10-14221, 2011 WL

4799923, at *2 (E.D. Mich. Feb, 4, 2011) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*,

78 F.3d 1125, 1134 (6th Cir. 1996)).  To survive a factual attack on a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(1), Plaintiffs must demonstrate that each of these States

has affirmatively authorized and consented to this Court's jurisdiction for purposes of these

claims.  Plaintiffs cannot do so, and therefore their claims on behalf of State Entities violate the

Eleventh Amendment to the U.S. Constitution and must be dismissed.

The Eleventh Amendment prohibits lawsuits "against a State by citizens of the same

State, claims against a State by citizens of another State, and actions against state officials sued

in their official capacity for money damages."  *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752,

760 (6th Cir. 2010).  The Eleventh Amendment also prohibits litigation that seeks to adjudicate

---

[4]    Copies of Defendants' counsel's letter and private Plaintiffs' counsel's written response
are included as Exhibits A and B, respectively, in the accompanying Appendix.  The one
exception concerned Plaintiffs' intent to assert claims under New Hampshire law arising from
alleged conduct before January 1, 2008.  Defendants advised Plaintiffs that if they intended to
pursue such claims, Defendants would move to dismiss them on the ground that, as this Court
previously ruled, the New Hampshire statute authorizing indirect purchaser actions does not
apply retroactively to conduct occurring before the statute's enactment date.  *See, e.g.*, *In re
Auto. Parts Antitrust Litig.*, 2013 WL 2456612, at *19 (E.D. Mich. June 6, 2013).  In their
response, Plaintiffs conceded that they "do not assert claims under New Hampshire Revised
Statutes secs. 356:1, *et seq.* for any conduct that occurred prior to January 1, 2008."  *See* Ex. B.
On the basis of that representation—to which Plaintiffs should be held—Defendants do not
include this ground in this motion.

*offensive claims* on behalf of non-consenting State Entities. *Thomas v. FAG Bearings Corp.*, 50 F.3d 502, 505 (8th Cir. 1995) ("Involuntary joinder" of a State agency on the plaintiff side of a lawsuit violates the Eleventh Amendment because such joinder would "forc[e] [the agency] to prosecute [defendants] at a time and place dictated by the federal courts."); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 849 n.14 (9th Cir. 2004) ("[I]nvoluntary joinder of a State as a party to a litigation can violate Eleventh Amendment sovereign immunity."); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 639 n.33 (E.D. Pa. 2014) ("Eleventh Amendment sovereign immunity" bars joining State as "involuntary plaintiff" in civil action).

The immunity afforded by the amendment applies not only to the State itself, but also to any arm of the State, such as state agencies, state universities, and many other types of state governmental subunits. *Johnson v. University of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000); *Pucci*, 628 F.3d at 760 (applying four-factor test to determine whether an entity is an "arm of the state" that enjoys immunity under the Eleventh Amendment).[5] The Sixth Circuit recognizes only three limited exceptions to Eleventh Amendment immunity. *Lawson v. Shelby County, Tenn.*, 211 F.3d 331, 334 (6th Cir. 2000). "First, a state may waive the protection of the Amendment by consenting to the suit." *Id.* Second, Congress, under certain provisions of the Constitution, may abrogate the sovereign immunity of States through statute. *Id.* Third, a federal court may enjoin a 'state official' from violating federal law. *Id.* at 335 (citing *Ex parte Young*, 209 U.S. 123 (1908)). None of these exceptions applies here.

Unless a State voluntarily invokes the court's jurisdiction, or makes a "clear declaration" that it chooses to be subject to the court's jurisdiction, it has not waived sovereign immunity.

---

[5]      This memorandum uses the term "State Entities" to refer to States and all subunits of States that qualify for Eleventh Amendment protection under the principles set forth by the Sixth Circuit in *Pucci* and *Johnson.*

*College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999). This "stringent" standard, *id.* at 675, is necessary to protect each State's "autonomy in decision-making"—choosing when, where, how, and even whether to participate in a court proceeding that may affect its interests. *Thomas*, 50 F.3d at 505-06.

These principles apply with full force in the class action context. Thus, in *Walker v. Liggett Group, Inc.*, 982 F. Supp. 1208, 1210 (S.D. W. Va. 1997), a class action against a cigarette manufacturer, the court dismissed all claims asserted on behalf of State Entities because the Eleventh Amendment bars subjecting them to litigation in which they "have not consented affirmatively to participate." *See also In re McKesson Governmental Entities Average Wholesale Price Litigation*, 767 F. Supp. 2d 263, 271 (D. Mass. 2011) ("[S]ignificant sovereignty issues may preclude defining a class to include state entities as absent class members under the Eleventh Amendment.")[6]; *Sobel v. Hertz Corp.*, No. 06-cv-00545, 2011 WL 2559565, at *16 (D. Nev. June 27, 2011) (Nevada state agency excluded from plaintiff class by agreement of parties after it objected to inclusion in class based on "Eleventh Amendment sovereign immunity"). In fact, Defendants' research has not identified *any* reported cases in which a court has allowed a putative class action to proceed on behalf of a class that includes absent State Entities in the face of an Eleventh Amendment objection. Nor have Plaintiffs identified any such authority during pre-motion meet and confers.

*Walker* is especially relevant here. Near the outset of that case, and before any participant had raised any issue concerning the Eleventh Amendment or sovereign immunity, the court had issued an order that preliminarily certified a plaintiff settlement class that purported to

---

[6]    In *McKesson*, the district court elected not to reach the Eleventh Amendment issue because it determined there were other, non-constitutional reasons why a plaintiff class should not include State Entities. 767 F. Supp. 2d at 271.

include all State Entities with a particular type of claim against the defendant, but that also provided all State Entities a right to opt out. *Walker*, 982 F. Supp. at 1209. At that point, eleven States and their subunits moved to be dismissed from the litigation for lack of jurisdiction on the ground that they were being "cast as unwilling Plaintiffs" in contravention of their sovereign immunity. *Id.* at 1209-10. The district court granted the motion to dismiss, reasoning that the State Entities had never "affirmatively consented to opt into the Settlement class." *Id.* at 1210. The court rejected the notion that availability of an opt-out mechanism could somehow rectify the Eleventh Amendment violation: "For this Court merely to 'opt out' the States that have objected to this Court's preliminary findings would suggest the Court claims jurisdiction over the States, which it does not." *Id.* at 1211. Accordingly, the *Walker* court concluded that it had to dismiss from the litigation, pursuant to Rules 12(b)(1) and 23(d), *all* State Entities purportedly included in the plaintiff class—not merely the particular State Entities that had objected—due to lack of jurisdiction. *Id.*

Dismissal of all State Entities from the putative plaintiff classes is likewise required here. Permitting the Named Plaintiffs to proceed on behalf of absent State Entities would violate the fundamental principle that States Entities may not be subjected to federal judicial process without an "unmistakable and explicit waiver" of sovereign immunity on behalf of each implicated State. *Thomas*, 50 F.3d at 506. Named Plaintiffs' attempt to litigate claims belonging to State Entities that have not waived their sovereign immunity impermissibly subjects numerous State Entities "to the coercive process of judicial tribunals at the instance of private parties"— precisely what the Eleventh Amendment forbids. *Thomas*, 50 F.3d at 506.

This Court should not allow this case to proceed as a putative class action and defer until later an assessment of whether the absent State Entities have waived their sovereign immunity.

Basic principles of sovereign immunity require precisely the opposite. As the Supreme Court has declared, unless a State waives its own immunity "'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction,'" the complaint must be dismissed. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239-40 (1985)). Dismissal is also required by "[t]he very object and purpose of the eleventh amendment[: ] to prevent the indignity of subjecting a State to the coercive process of judicial tribunal at the instance of private parties." *Ex parte Ayers*, 123 U.S. 443, 505 (1887).

The law of this Circuit mandates immediate dismissal in these circumstances. Where, as here, a "jurisdictional question … clearly exists" and is raised by the parties, the court "must" address it. *Angel v. Kentucky*, 314 F.3d 262, 265 (6th Cir. 2002). As the Sixth Circuit has observed, the Eleventh Amendment "deprives the federal courts of jurisdiction to entertain a suit brought … against a nonconsenting State." *Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 422 F.3d 392, 395 (6th Cir. 2005). *See also DLX, Inc. v. Kentucky*, 381 F.3d 511, 528 (6th Cir. 2004) (affirming sovereign immunity dismissal under Rule 12(b)(1)); *Starkey ex rel. A.B. v. Boulder County Social Servs.*, 569 F.3d 1244, 1260 (10th Cir. 2009) (when raised by a party, "Eleventh Amendment sovereign immunity is a threshold jurisdictional issue" that must be decided at the outset) (internal quotations omitted). Accordingly, this Court should promptly dismiss all aspects of this action that purport to pertain to claims on behalf of State Entities, based upon their sovereign immunity under the Eleventh Amendment.

11

II.    **THE CLASS ALLEGATIONS MUST BE DISMISSED BECAUSE ABSENT GOVERNMENT ENTITIES HAVE THEIR OWN STATUTORILY APPOINTED LEGAL REPRESENTATIVES WHOSE ROLES MAY NOT BE USURPED BY PRIVATE COUNSEL**

States, counties, cities, and other local government entities typically delegate their legal representation to one or more publicly employed, elected or appointed attorneys for the government—such as a State Attorney General, a County Counsel, or a City Attorney—who are entrusted with the responsibility of representing government entities in legal matters, including, in particular, litigation.  The Amended Complaint does not allege that the private counsel here have obtained authorizations from the Named Plaintiffs' governing bodies or officials that permit them to supplant Named Plaintiffs' government attorneys, much less that they have done so (or could do so under the rubric of a class action) for the "thousands" of absent government entities that they also purportedly represent.  But without such authorizations, neither the five Named Plaintiffs nor their band of private counsel has any right to pursue claims on behalf of those absent government entities.  This Court must therefore dismiss all claims asserted on behalf of anyone other than the five Named Plaintiffs (and, as discussed in Part II.D, possibly their claims as well).

A.    **The States May Be Represented Only By Their Duly Appointed Or Elected Government Attorneys—The Attorneys General**

Even if the Amended Complaint's attempt to adjudicate claims on behalf of nine States and their sovereign sub-units did not violate the Eleventh Amendment, it nevertheless would violate the laws of those States.  Virtually every State (including the nine that Plaintiffs have included in their putative "Damages Class")[7] maintains control over its participation in litigation

---

[7]    Defendants have identified statutes to this effect for each of the nine "Relevant States" the Named Plaintiffs purport to represent.  Copies of these statutes are included in Ex. C of the accompanying Appendix, along with all other state statutes and local laws cited in Part II of this memorandum.

by statutorily granting its chief government attorney—i.e., the Attorney General or her legal department—*exclusive* authority to represent the State's interests in court and/or broad supervisory powers over such litigation. *Walker,* 982 F. Supp. at 1210-11 ("Generally, no person or entity other than the Attorney General of a state is authorized to represent that state in any court or in any case."). The authority of the Attorneys General of these States to act as legal counsel for their sovereign clients may not be usurped by a group of private lawyers retained by a small handful of local government entities.

For example, New York's Executive Law mandates that its "attorney-general shall … [p]rosecute and defend *all* actions and proceedings in which the state is interested." N.Y. Exec. Law § 63(1) (emphasis added). As a New York appellate court recently stated, "the Attorney General's office … is *obligated* to prosecute, defend and control *all* legal business of state agencies." *Morgan v. New York State Dep't of Envtl. Conservation*, 779 N.Y.S.2d 643, 645 (N.Y. App. Div. 2004) (emphasis added). Moreover, while a "department, bureau, board, council, officer, agency or instrumentality" of the State of New York may institute its own action "affecting the property or interests of the state," it may not do so unless it first provides "notice to the attorney-general … so that he may participate or join therein if in his opinion the interests of the state so warrant." N.Y. Exec. Law § 63(1). *See also New York ex rel. Boardman v. National R.R. Passenger Corp.*, 233 F.R.D. 259, 265 (N.D.N.Y. 2006).

Likewise, the State of North Carolina and its sovereign sub-units may only be represented by the State Attorney General: "It shall be *the duty* of the Attorney General [of North Carolina] … [t]o appear for the State in *any* [] court or tribunal in *any* cause or matter, civil or criminal, in which the State may be a party or interested." N.C. Gen. Stat. § 114-2(1) (emphasis added). According to the North Carolina Supreme Court, this statute codifies the Attorney General's

13

"common law duty" to "appear for … the State or its agencies *in all actions* in which the State may be a party or interested." *Martin v. Thornburg*, 359 S.E.2d 472, 479 (N.C. 1987) (emphasis added).

Michigan law also specially empowers Michigan's Attorney General to represent the State in all court proceedings:  The Attorney General "may, when in his own judgment the interests of the state require it, intervene in and appear for the people of this state in any [] court or tribunal, in any cause or matter, civil or criminal, in which the people of this state may be a party or interested."  Mich. Comp. Laws § 14.28.  This provision has been "broadly construed" to authorize the Attorney General to initiate actions on behalf of the state and to generally "litigate on behalf of the people of the state."  *In re Certified Question*, 638 N.W.2d 409, 413 (Mich. 2002).  The Michigan Supreme Court has specifically held that the Attorney General's broad authority to represent the State in litigation "cannot be … undermine[d]" by a county's initiation of its own lawsuit.  *Id.* at 414.

Each of the six other States included in the Amended Complaint's putative "Damages Class" similarly entrusts the duty and responsibility to represent the State and its subunits in court proceedings to its Attorney General:

- **Arizona**—The "attorney general shall have charge of and direct the department of law and shall serve as chief legal officer of the state."  Ariz. Rev. Stat. § 41-192. In that capacity, the Attorney General "shall … be the legal advisor of the departments of this state and render such legal services as the departments require."  *Id.  See also* 1989 Ariz. Op. Att'y Gen. 44 (1989) (State department "must refer the matter to the Attorney General and both agencies must participate in the resulting settlement" for settlement to be authorized) (citing Ariz. Rev. Stat. § 41-192).

- **Maine**—The Attorney General "or a deputy, assistant or staff attorney *shall* appear for the State" and the heads of State departments and agencies "in *all* civil actions and proceedings in which the State is a party or interested."  Me. Rev. Stat. tit. 5, § 191(3) (emphasis added).  Consistent with this assignment of authority, the Supreme Judicial Court of Maine has held that the Attorney General

14

"has the power and *duty* to institute, conduct and maintain such actions and proceedings as he deems necessary for the protection of public rights." *In re Estate of Thompson*, 414 A.2d 881, 890 (Me. 1980).

- **Maryland**—The State Government Article of the Maryland Code provides, subject to certain narrow exceptions not applicable here, that "the Attorney General … *shall* represent and otherwise perform *all* of the legal work for each officer and unit of the State government" and that any "officer or unit of the State government may not employ or be represented by a legal adviser or counsel other than the Attorney General or a designee of the Attorney General." Md. Code, State Gov't § 6-106 (emphasis added).  Based on these provisions, Maryland's highest court recently barred a Maryland state officer from intervening as a party to a court proceeding without being represented by the Attorney General or his designee.  *Duckworth v. Deane*, 903 A.2d 883, 890 (Md. 2006).

- **Minnesota**—The "attorney general *shall* appear for the state in *all* causes in the supreme and federal courts wherein the state is directly interested."  Minn. Stat. § 8.01 (emphasis added).  The Attorney General's authority to conduct litigation is "plenary" and "[h]is discretion as to what litigation shall or shall not be instituted by him is beyond the control of any other office or department of the state."  *State ex rel. Peterson v. City of Fraser*, 254 N.W. 776, 778-79 (Minn. 1934).  The State of Minnesota may employ "additional counsel" to assist the Attorney General, but only if the "attorney general, the governor, *and* the chief justice of the Supreme court shall certify, in writing, filed with the Office of the Secretary of State, that it is necessary" to do so.  *Id.* § 8.06 (emphasis added).

- **New Mexico**—The "attorney general *shall* … prosecute or defend in any [] court or tribunal *all* actions and proceedings, civil or criminal, in which the state may be a party or interested when, in his judgment, the interest of the state requires such action or when requested to do so by the governor."  N.M. Stat. § 8-5-2(B) (emphasis added).  Although a department of the State may employ private counsel in its defense, before that may occur the private counsel must first secure a commission from the Attorney General and receive the "Attorney General's express agreement to waive the State's Eleventh Amendment immunity."  *Abreu v. New Mexico Children, Youth & Families Dep't*, 646 F. Supp. 2d 1259, 1269 (D.N.M. 2009).

- **West Virginia**—The "attorney general shall appear as counsel for the state in *all* causes pending … in any federal court[] in which the state is interested."  W. Va. Code § 5-3-2.  Accordingly, the West Virginia Supreme Court of Appeals held that "in all instances when an executive branch or related State entity is represented by counsel before a tribunal, the Attorney General shall appear upon

15

the pleadings as an attorney of record." *State ex rel. McGraw v. Burton*, 569 S.E.2d 99, 117 (W. Va. 2002).[8]

Because only the States' own Attorneys General may represent the States and their subunits in court proceedings, all portions of the Amended Complaint that assert claims on behalf of absent States and their sub-units must be dismissed as a matter of law.

### B. Counties, Cities, And Other Municipal Corporations Also Must Be Represented By Their Own Official Government Attorneys

Under state and local laws, counties, cities, and other local government entities typically may pursue legal claims in court only when (1) duly authorized to do so by their governing officials, and (2) represented by their own publicly appointed government attorneys or, in certain exceptional cases, specially appointed surrogate attorneys. As a result, lawsuits like this one— purportedly brought on behalf of a local government entity but without the entity's formal authorization, and without direct involvement of the entity's official government attorney—are legally defective and must be dismissed at the threshold.

**New York**—As detailed below, this rule applies with full force in New York, a putative "Damages Class" jurisdiction and home to one of the Named Plaintiffs (Village of Newport).

---

[8] Laws in some of these nine States do permit private counsel, in certain limited circumstances, to assist the Attorney General in representing the State, but there is no indication of any such arrangements here. In such circumstances, official government lawyers for the State would be actively involved in the litigation and there would be publicly available evidence of retention agreements between the State and private counsel in certain States. For example, while the Attorneys General for at least three of these States (Arizona, New York, and West Virginia) maintain public websites that either disclose current contracts with private counsel or list litigations in which the State is participating, none of those sites indicates involvement by the State in the present litigation or retention of any private counsel (much less the private counsel listed in the Amended Complaint) for such litigation. *See* Procurement, Arizona Attorney General Tom Horne, https://www.azag.gov/rfp; Antitrust Bureau, Attorney General Eric T. Schneiderman, http://www.ag.ny.gov/bureau/antitrust-bureau; Office of the Attorney General, Office Of The WV Attorney General Patrick Morrisey, http://www.ago.wv.gov/outsidecounsel/Pages/WVAGO.aspx.

16

*Counties.*  New York state law requires that any affirmative civil suit on behalf of a county first be affirmatively authorized by the county's board of supervisors.  *County of Sullivan v. Town of Thompson*, 471 N.Y.S.2d 399, 400 (N.Y. App. Div. 1984).  Moreover, each county's County Attorney, who must be appointed by the board of supervisors and a county resident, "*shall* prosecute and defend *all civil actions* and proceedings brought by or against the county."  N.Y. County Law §§ 500-501 (emphasis added).  Any such suit initiated without compliance with § 501 must be dismissed.  *County of Sullivan*, 471 N.Y.S.2d at 400.

*Cities and Towns.*  Under New York law, every civil suit on behalf of a city or town presents "the question of capacity [to sue]."  *Town of Claverack v. Brew*, 716 N.Y.S.2d 748, 749 (N.Y. App. Div. 2000).  "As these entities are creatures of statute, their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete predicate."  *Id.* (internal quotation omitted).  Accordingly, before a claim may be commenced in court on behalf of a New York town, the town's duly elected board must first take formal action to authorize the suit and to direct an appropriate town officer to cause it to be initiated.  *Id.*; *see also* N.Y. Town Law § 65 ("The town board of any town may authorize and direct any town officer or officers to institute, defend or appear, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary, for the benefit or protection of the town, in any of its rights or property.").

Likewise, the city charters that govern the powers and operations of cities in New York typically grant to the city's chief legal officer exclusive, or nearly exclusive, authority and power to pursue litigation on behalf of the city.  For example, the Charter of New York City provides,

17

subject to only very limited exceptions that do not apply here,[9] that "the corporation counsel shall be attorney and counsel for the city and *every* agency thereof and *shall* have charge and conduct of *all* the law business of the city and its agencies and in which the city is interested."[10] Similarly, under New York's Second Class Cities Law, the "corporation counsel" for each such city "*shall* appear for and protect the rights and interests of the city in *all* actions, suits and proceedings brought by or against" the city; and while such corporation counsel may, "with the written consent of the mayor," employ additional counsel, he may do so only to "*assist* him in the argument and conduct" of certain types of cases.  N.Y. Second Class Cities Law § 201 (emphasis added).

Where a defendant purportedly sued by a local government entity from New York State raises reasonable concerns regarding whether the suit has been properly initiated in accordance with these laws, "the onus [is] on plaintiff to come forward with evidence establishing that the action [is] authorized."  *Town of Claverack*, 716 N.Y.S.2d at 750.  If the plaintiff fails to meet that burden, then "dismissal of the action is warranted."  *Id.*

---

[9]     As in some other jurisdictions, the primary exception is for the rare case in which the city's chief legal officer is afflicted with a "conflict of interest, fraud, collusion, corruption, or incompetence" that prohibits a fair prosecution of the case.  *See Hevesi v. Pataki*, 643 N.Y.S.2d 895, 898 (N.Y. Sup. Ct. 1996).

[10]    New York City Charter § 394(a) (emphasis added), http://www.nyc.gov/html/charter/ downloads/pdf/citycharter2004.pdf.  *See also* Buffalo City Charter § 12-4 ("The corporation counsel *shall* prosecute and defend *all* actions and proceedings brought by or against the city or any of its officers, departments, commissions, board, or other agencies, including the board of education and the Buffalo sewer authority." (emphasis added)), https://www.ci.buffalo.ny.us/ Home/Leadership/Mayor/CityCharter; Syracuse City Charter § 5-1101(3) ("The department of law, headed by the corporation counsel, *shall* … [h]ave charge of *all* legal matters in which the city has an interest, or to which the city is a party, with power and authority to institute and prosecute or to intervene in any and *all* suits or other proceedings, civil or criminal, as may be deemed necessary for the assertion or protection of the rights and interests of the city." (emphasis added)), http://www.syrgov.net/uploadedFiles/Departments/City_Clerk/Content/CHARTER%20 OF%20THE%20CITY%20OF%20SYRACUSE--1960%20-%20With%20Watermark.pdf.

**Michigan**—The laws regarding representation of local government entities in Michigan, another of the "Relevant States" and home to two Named Plaintiffs (Oakland County and Traverse City), are similar.

*Counties.*  A Michigan county may participate in civil litigation *only* if it is represented by its "prosecuting attorney" or "corporation counsel."  *See* Mich. Comp. Laws §§ 45.563(e) & 49.153.[11]  The only exception is when, by majority vote, the board of supervisors for a county that has no "corporation counsel" both (a) determines that its "prosecuting attorney is unable to properly represent the county" and (b) employs a replacement lawyer "to represent the county in civil matters."  *See id.* § 49.71; *Wayne County Prosecuting Att'y v. Wayne County Bd. of Comm'rs*, 205 N.W.2d 27, 32, 35 (Mich. App. 1972).[12]

*Cities And Other Municipalities.*  The laws governing many cities and other municipalities in Michigan similarly provide that only an officially appointed government lawyer for the municipality may represent it in court.  For example, Michigan's Fourth Class City Act, Mich. Comp. Laws §§ 81.1 *et seq.,* which serves by default as the city charter for a class of

---

[11]     Under § 49.153, the county-level office of "prosecuting attorneys *shall*, in their respective counties, appear for the state or county, and prosecute or defend in all the courts of the county, *all* prosecutions, suits, applications and motions whether civil or criminal, in which the state or county may be a party or interested."  (Emphasis added.)  Section 45.563(e), which applies to Michigan counties that both have adopted an optional "unified" form of county government and established a "department of corporation counsel," mandates that the corporation counsel "*shall* perform as provided by law *all* civil law functions."  (Emphasis added.)

[12]     Section 49.71 establishes the procedure by which a Michigan county that does not have a corporation counsel may supplant its "prosecuting attorney."  *See Bay County Exec. v. Bay County Bd. of Comm'rs*, 443 N.W.2d 168, 172 (Mich. App. 1989).  The statute states:  "The board of supervisors of any county by a majority vote of the members-elect may employ an attorney to represent the county in civil matters, whenever the board determines that the prosecuting attorney is unable to properly represent the county.  Such attorney shall receive such compensation as shall be determined by the board of supervisors."

Michigan municipalities that have yet to establish their own operative home rule charter,[13] explicitly mandates that "[t]he [city] attorney … s*hall* act as the attorney and solicitor for the corporation in *all legal proceedings* in which the corporation is interested." *Id.* § 87.20 (emphasis added).  The charters of many other Michigan municipalities similarly make the entities' appointed legal officer its exclusive in-court representative.  To take just one example, the charter of the City of Dearborn Heights mandates that the city's Corporation Counsel, a mayoral appointee, "*shall* prosecute and defend, in the name of the City, *all cases* in *all courts* and before all legally constituted tribunals *whenever* the City is a party thereto."[14]  The charters of other Michigan cities contain similar provisions.[15]

     **California and North Carolina**—The same sorts of roadblocks to private counsel's representation of huge classes of local government entities are also readily found in the laws of California and North Carolina, the other two "Relevant States" in which there is a corresponding Named Plaintiff (Richmond and Mecklenburg County, respectively).

---

[13]    *See* Michigan Municipal League, Member Resource Services, "Charter Commissioners Handbook: Structure of Local Government" at 9, available at http://www.mml.org/pdf/charter_revision/charter_handbook.pdf.

[14]    Charter of the City of Dearborn Heights § 5.13(c) (emphasis added), http://www.mml.org /resources/information/charter/pdf/123.pdf.  While another provision of the same charter authorizes the Mayor or City Council to "retain special legal counsel … for the purpose of assisting the Corporation Counsel for a special matter," even when that is done such special counsel may only "appear Of Counsel to the Corporation Counsel," *id.* § 5.13(j), and must be "a resident and (and qualified elector) of the City of Dearborn Heights."  *Id.* § 5.13(*l*).

[15]    *See, e.g.*, Charter of the City of Alpena § 7.8(b) (The City Attorney "*shall* conduct for the city *all* cases in all courts and before all legally constituted tribunals whenever the city is a party thereto" (emphasis added)), http://www.mml.org/resources/information/charter/pdf/13.pdf; Charter of City of Cheboygan § 7.5(b) (same), http://www.mml.org/resources/information/ charter/pdf/93.pdf; Charter of the City of Buchanan § 4.16(b) (same), http://www.mml.org/ resources/information/ charter/pdf/64.pdf; Charter of the City of Hillsdale § 4.15(b) (same), http://www.mml.org/resources/information/charter/pdf/229.pdf.

*Counties.*  Under § 25203 of California's Government Code, any litigation to which a county "is a party" must be "direct[ed] and control[ed]" by the county's board of supervisors, it must be conducted by "the district attorney, county counsel, or other counsel for the county," and no other counsel may be employed to assist those official government lawyers unless approved "by a two-thirds vote of all the members" of the board.[16]

Under North Carolina statutes, the elected board of commissioners of every county must appoint a county attorney "to be its legal advisor."  N.C. Gen. Stat. § 153A-114.

*Cities And Other Municipalities.*  The local charters for many municipalities in California, including cities such as Oakland,[17] Palo Alto,[18] and San Diego,[19] generally mandate that only the duly appointed chief legal officers of those entities may represent them in civil litigation.

The same is true in North Carolina, where every city and town council must appoint a city attorney "to be its legal advisor," N.C. Gen. Stat. § 160A-173.  *See also, e.g.*, City of Winston-Salem Code § 2-318(a) (the City Council "may appoint a city attorney … to represent the city in all legal matters"); Town of Mint Hill Charter § 5.2 ("It shall be the duty of the town

---

[16]    *See also People v. Parmar*, 104 Cal. Rptr. 2d 31, 50 (Cal. Ct. App. 2001) ("[A]lthough counties may, at their option, establish a county counsel to perform most of the civil legal duties required by the county, in the absence of such an election the district attorney is both criminal and civil attorney for the county").

[17]    Oakland City Charter, Article IV, Section 401(6) (the City Attorney "shall act as Counsel in behalf of the City or any of its officers, boards, commissions, or other agencies in litigation involving any of them in their official capacity.").

[18]    Palo Alto Municipal Code, Title 2, Section 2.08.120 ("The duties of the city attorney *shall* be as follows … to represent the city in *all* actions at law.") (emphasis added).

[19]    City of San Diego City Charter, Article V, Section 40 ("The City Attorney shall be the chief legal adviser of, and attorney for the City and all Departments and offices thereof in matters relating to their official powers and duties ….  It shall be the City Attorney's duty … to prosecute or defend, as the case may be, *all* suits or cases to which the City may be a party") (emphasis added).

21

attorney to prosecute and defend suits for and against the town."); Town of Wake Forest Charter § 6.2 (same).

**Other "Relevant States"**—While a review of the laws of the 14 other "Relevant States" is unnecessary due to the Named Plaintiffs' lack of standing to pursue claims under the laws of these other States (*see infra* Part III), the laws of New York, Michigan, California, and North Carolina discussed above are the norm, rather than the exception. Throughout the country, laws establishing and regulating the affairs of local government entities generally are designed to ensure that the public is protected and represented by a duly appointed government attorney rather than private counsel. *See, e.g.,* 17 McQuillin: The Law of Municipal Corporations § 49:36 (3d ed. 1966); 56 Am. Jur. 2d *Municipal Corporations, Etc.* § 194. Accordingly, where a municipal corporation has regular counsel, charged with the duty of conducting all the law business in which the corporation is interested, contracts for additional or extra legal services usually are unauthorized. *Coventry Sch. Comm. v. Richtarik*, 411 A.2d 912, 916 (R.I. 1980) (citing 10 McQuillin § 29.12).

### C. Dismissal Of All Claims Of Absent Class Members Is Necessary To Avoid Wholesale Violations Of These Numerous State And Local Laws

None of the attorneys listed on the Amended Complaint purports to be a duly designated *government* counsel even for any of the five Named Plaintiffs, much less for any of the thousands of absent States, state subunits, and local government entities that allegedly are members of the two purported classes. Nor is there any indication from Named Plaintiffs or their counsel, either in the Amended Complaint itself or in response to the written questions posed by Defendants (*see supra* pp. 6-7; Exhs. A and B), that any of the listed attorneys is operating under any statutory or charter exception that would permit him or her to act on behalf of any of these entities. To permit private counsel to act on behalf of these absent government entities would

22

unlawfully "deprive the [duly authorized, official government attorneys for those absent entities] of the very labors which are devolved upon [them] by the law, and which [they were] elected by the people to perform, and which under [their] oath of office [they are] bound to perform." *Merced County v. Cook*, 52 P. 721, 723 (Cal. 1898).

One of the most important duties of an official government attorney—appearing in court and conducting litigation on behalf of the government entity that elected or appointed him or her—cannot be usurped by private counsel at the whim of a handful of Named Plaintiffs merely by filing a purported class action. Because the Named Plaintiffs and their private counsel have no authority to replace government attorneys for absent government entities, they consequently have no authority to file a complaint on behalf of those entities or to represent them in litigation. *See County of Cook ex rel. Rifkin v. Bear Stearns & Co.*, 831 N.E.2d 563, 573 (Ill. 2005) (affirming dismissal of complaint purportedly brought on county's behalf where "the State's Attorney has elected not to proceed [and] [t]here is no statutory authority for the [private plaintiffs] to proceed, and no authority arises by implication").

Dismissal of all claims asserted here on behalf of absent class members is therefore warranted. *See, e.g., Dallas County, Tex. v. Merscorp, Inc.*, No. 11-cv-02733, 2012 WL 6208385, at *7-8 (N.D. Tex. Dec. 13, 2012) (granting motion to strike allegations defining a class of counties in Texas, because county statutory requirements, which prevent private counsel from "usurp[ing] the statutory duties of other county officials," "must be satisfied *before* a Texas county can retain outside counsel" (emphasis in original)); *Town of Claverack*, 716 N.Y.S.2d at 750 (dismissal appropriate where plaintiff failed to demonstrate that lawsuit was properly authorized).

23

**D.    Named Plaintiffs Should Be Ordered To Provide A More Definite Statement Demonstrating That They Have Been Duly Authorized To Commence This Litigation And To Be Represented By Private Counsel**

The Amended Complaint is devoid of any allegations regarding whether and how each of the Named Plaintiffs has formally approved either its participation in this litigation or its representation by private counsel.  In light of local laws applicable to Named Plaintiffs, there are serious questions whether they and their private counsel have the capacity to proceed with even the *non-class* components of this case.  For this reason, pursuant to Fed. R. Civ. P. 12(e), the Court should order each of the Named Plaintiffs to provide a more definite statement regarding the steps (if any) their governing officers have taken to authorize them to pursue their own claims in this proceeding and to be represented by private counsel.

Under Federal Rule of Civil Procedure 12(e), a party may move for more definite statement of a "pleading … which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Courts in this District grant this relief where a short, concise statement from a plaintiff would provide sufficient factual detail to enable a defendant to sufficiently respond to a complaint.  *McCloy v. Correction Med. Servs.*, No. 07-13839, 2008 WL 5350623, at *2 (E.D. Mich. Dec. 18, 2008).

None of the government attorneys for any of the Named Plaintiffs has signed the Amended Complaint, nor have any of them (or any of their publicly employed delegates) appeared at hearings before this Court or during any of the meet and confer sessions between the Named Plaintiffs' private counsel and Defendants' counsel in this case.  Moreover, even when directly asked to confirm that they are duly authorized to proceed on behalf of the Named Plaintiffs, *see* Ex. A, their private counsel flatly refused to respond, *see* Ex. B.

24

This is particularly problematic because laws that are specifically applicable to the Named Plaintiffs cannot be squared with their participation in this case while being represented solely by private counsel.  In particular:

- Richmond's Charter expressly mandates that its City Attorney "*shall* represent the City in *all* actions," City of Richmond Charter, art. IV, § 3 (emphasis added), and that "[n]o contract for the services of legal counsel may be awarded without the approval of City Attorney."  Richmond, Cal., Code 2.52.320(a).

- Because Oakland County has both adopted the unified form of government[20] and established a Department of Corporation Counsel,[21] Michigan statute not only requires that it be represented in court by its Corporation Counsel, but also deprives it of "the ability under Mich. Comp. Laws § 49.71 … to employ outside counsel."  *See Bay County Exec. v. Bay County Bd. of Comm'rs*, 443 N.W.2d 168, 172 (Mich. App. 1989).

- Mecklenburg County's initiation of a lawsuit must first be authorized through the County's board of commissioners.  N.C. Gen. Stat. § 153A-11 (county has the power to "sue and be sued"); *id.* § 153A-12 (county's powers "*shall* be exercised by the board of commissioners").  *See also Bethune v. County of Harnett*, 507 S.E.2d 40, 42 (N.C. 1998) ("We note that a county exercises its powers, rights, and duties through the actions of its elected board of commissioners.").

- Traverse City's Charter mandates that its "City Attorney *shall* act as the legal advisor to, and attorney and counsel for, the municipality and all its officers in matters relating to their official duties."  Charter of the City of Traverse City § 47 (emphasis added).  *See also* Mich. Comp. Laws § 87.20 (the City Attorney "*shall* act as the attorney and solicitor for the corporation in *all* legal proceedings in which the corporation is interested") (emphasis added).  Outside counsel may be retained only by an act of the City Commission "[u]pon recommendation of the City Attorney." Charter of the City of Traverse City § 47.

- New York's Village Law requires the Mayor of the Village of Northport "to institute, at the direction of the board of trustees, all civil actions in the corporate name of the village."  N.Y. Village Law § 4-400(1)(d).  A lawsuit in the Village's name that does not follow that protocol is not properly instituted and must be dismissed. *Incorporated Village of Northport v. Town of Huntington*, 604 N.Y.S.2d 587, 589 (N.Y. App. Div. 1993) ("[T]he individual plaintiffs, in their capacity as trustees, had

---

[20]     *See Police Officers Ass'n of Michigan v. Oakland County*, 354 N.W.2d 367, 369 (Mich. Ct. App. 1984).

[21]     Oakland County, Michigan, Oakland County Departments, http://www.oakgov.com/ directory/Pages/default.aspx.

no power to commence this action on behalf of the Village for the benefit of its inhabitants.").

Nothing in the Amended Complaint addresses any of these applicable legal requirements, much less demonstrates that Named Plaintiffs and their purely private counsel have satisfied them.

In light of the serious doubts outlined above, as well as the special burden that government entities bear in having to demonstrate their capacity to assert claims in court, *e.g., Town of Claverack,* 716 N.Y.S.2d at 750*,* each Named Plaintiff should be ordered, under Fed. R. Civ. P. 12(e), to provide "a more definite statement" averring specific facts to show that a relevant governing body or official—with legal power *both* to authorize it to seek judicial relief *and* to employ private counsel—has in fact duly authorized its participation in this lawsuit.

## III.   ALL CLAIMS UNDER THE LAW OF STATES IN WHICH NO NAMED PLAINTIFF IS LOCATED OR CLAIMS INJURY MUST BE DISMISSED

Yet another fundamental defect in the Amended Complaint is that the Named Plaintiffs are located in only *four* States (California, Michigan, New York, and North Carolina), Am. Compl. ¶¶ 29-33, but the Amended Complaint asserts damages claims under the laws of *seventeen* so-called "Relevant States," *id.* ¶¶ 217-250.  There is no allegation in the Amended Complaint that even suggests (much less plausibly avers, as required under the familiar *Twombly-Iqbal* standard)[22] that any of the five Named Plaintiffs indirectly purchased a Wire Harness System in any of the *thirteen* States whose laws are cited in the Amended Complaint but in which no Named Plaintiff is located.  As a result, the claims asserted in the Amended Complaint under the laws of those thirteen states (i.e., Arizona, Iowa, Maine, Maryland,

---

[22]    *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009).

Minnesota, Nebraska, Nevada, New Hampshire, New Mexico, North Dakota, South Dakota, West Virginia, and Wisconsin) must be dismissed for lack of Article III standing.[23]

This case presents stronger grounds for threshold dismissal due to lack of standing than existed in related cases in which this Court, while recognizing that "standing generally is determined at the outset of a case," found an "exception[al]" basis for declining to dismiss at the threshold claims brought under the laws of States in which no Named Plaintiff resides. *In re Auto. Parts Antitrust Litig.*, Nos. 12-cv-00302 & 12-cv-00303, 2014 WL 2993742, at *11-12 (E.D. Mich. July 3, 2014); *see also In re Auto. Parts Antitrust Litigation*, Nos. 12-cv-00202 & 12-cv-00203, 2014 WL 2993753, at *8-9 (E.D. Mich. July 3, 2014); *In re Auto. Parts Antitrust Litigation*, Nos. 12-cv-00402 & 12-cv-00403, 2014 WL 2999269, at *10-11 (E.D. Mich. July 3, 2014); *In re Auto. Parts Antitrust Litig.*, Nos. 12-cv-00102 & 12-cv-00103, 2013 WL 2456612, at *9-12 (E.D. Mich. June 6, 2013). The pleadings addressed in those related cases—the End-Payors' and Auto Dealers' complaints concerning Wire Harness Systems, Fuel Senders, Heater Control Panels, and Instrument Panel Clusters—did not present the extreme disparity between the number of States in which at least one named plaintiff resides (or claims injury) and the number of States under whose laws claims are being asserted. For example, in the End-Payors' Fuel Senders complaint, 41 named plaintiffs residing in 28 States asserted claims under the laws of 29 States (including the District of Columbia); and in the Auto Dealers' Fuel Senders complaint, 43 named plaintiffs residing in 28 States asserted claims under the laws of 30 States

---

[23]    Plaintiffs' claim under the Maryland Antitrust Act (Am. Compl. ¶¶ 225-226) is especially problematic. That Act generally does not permit claims by indirect purchasers. *Davidson v. Microsoft Corp.*, 792 A.2d 336, 341-42 (Md. Ct. Spec. App. 2002). A statutory carve out, however, permits certain designated government entities—namely, "[t]he United States, the State [of Maryland], or any political subdivision organized under the authority of this State"—to "maintain an action … regardless of whether it dealt directly or indirectly with the person who has committed the violation." Md. Code, Com. Law § 11-209(b)(2)(ii). Obviously, none of the Named Plaintiffs is such an entity, and, accordingly, they have no claim under the Maryland Act.

(including the District of Columbia).  *See* Docket No. 39-1 (12-cv-00302); Docket No. 46 (12-cv-00303).  In both those cases, the number of States whose laws were invoked but in which no named plaintiff resided or claimed injury was only a small fraction of the total number of States whose laws were invoked (i.e., 1 of 29, or 3%, in the End-Payors' case; and 2 of 30, or 7%, in the Auto Dealers' case).  Here, in sharp contrast, there is no Named Plaintiff located in, or allegedly connected to, 13 of the 17 States (76%) whose laws are invoked in the Amended Complaint.  This extreme disparity, together with all of the other fundamental problems with the Amended Complaint's attempt to bring claims on behalf of absent public entities in jurisdictions to which the Named Plaintiffs have no connection, warrants immediate dismissal.

That the Amended Complaint is cast as a class action does not cure this defect.  Named Plaintiffs in a class action "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  *Lewis v. Casey*, 518 U.S. 343, 357-58 (1996) (internal quotation omitted).  *See also Rosen v. Tennessee Comm'r of Fin. & Admin.,* 288 F.3d 918, 928 (6th Cir. 2002).  Because the Named Plaintiffs here have not alleged any facts that plausibly show they have been harmed under the laws of any State other than California, Michigan, New York, and North Carolina, this Court must dismiss all claims asserted under the laws of other States.  *See* Am. Compl. ¶¶ 217-250.

Defendants respectfully submit that, in light of the unique concerns presented by the Named Plaintiffs in this case, the Court should follow the numerous cases holding that Article III standing of individual plaintiffs should be determined before class certification.  *See In re Refrigerant Compressors Antitrust Litig.*, No. 09-md-02042, 2012 WL 2917365, at *7 (E.D. Mich. July 17, 2012) (dismissing claims under various States' laws because "no named [indirect

purchaser] Plaintiff resides in or was injured in those states"); *Smith v. Lawyers Title Ins. Corp.*, No. 07-12124, 2009 WL 514210, at *3 (E.D. Mich. Mar. 2, 2009) (prior to class certification, court must determine that at least one *named* plaintiff has Article III standing to raise *each claim*); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657-59 (E.D. Mich. 2011); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 924 (N.D. Ill. 2009) (dismissing state law claims in every state in which no named plaintiff resided);  *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 157 (E.D. Pa. 2009) (same as to indirect purchaser claims under 33 States' statutes); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007) (dismissing antitrust claims under 24 States' laws for lack of standing).

Defendants should not have to bear the substantial burdens of litigation under the state laws for the *thirteen* States in which none of the five Named Plaintiffs can establish standing, especially given their lack of authority to bring claims under those laws on behalf of absent government entity class members.  Named Plaintiffs' claims under the laws of Arizona, Iowa, Maine, Maryland, Minnesota, Nebraska, Nevada, New Hampshire, New Mexico, North Dakota, South Dakota, West Virginia, and Wisconsin must be dismissed.

## IV.    THESE JURISDICTIONAL AND OTHER THRESHOLD DEFECTS SHOULD BE ADDRESSED NOW

There are at least two additional reasons why the defects requiring dismissal (*supra* Parts I, II, and III) should be decided now.

*First*, delaying resolution would be particularly inappropriate here, where the Named Plaintiffs have not even acknowledged, much less begun to address, the extreme (and, Defendants believe, insurmountable) challenges that would be associated with a class action on behalf of thousands of absent State and local government entities from all across the country. Earlier this month, in another consolidated antitrust and consumer protection case in which a few

local government entities sought to represent a nationwide class of non-federal, non-State

government entities, a federal court in California dismissed, at the threshold Rule 12 stage, *all* of

the class components pertaining to government entities (except for a single sub-class on behalf of

only entities located in California, to which the defendants in that case apparently did not object).

*In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420, 2014 WL 4955377 (N.D. Cal. Oct.

2, 2014).  That decision's reasoning, which rested on Rule 23(d)(1)(D),[24] is fully applicable here:

> The Court is not persuaded that it should permit to go forward
> potentially massive discovery concerning a class comprised of
> every municipal and regional government in the nation without
> further indication of foresight on the part of the purported
> representatives of those absent class members.  *Cf. AGC*, 459 U.S.
> 528 n.17 ("Certainly in a case of this magnitude, a district court
> must retain the power to insist upon some specificity in pleading
> before allowing a potentially massive factual controversy to
> proceed.").  Lacking specificity about how the IPPs' proposed
> classes of every governmental body in the United States except the
> state and federal sovereigns would or even could proceed, their
> dismissal is warranted.

*Id.* at *18.  The court further explained that the unique status of government entities heightened

the need for threshold dismissal:

> For instance, if the Court eventually were to certify one of the
> IPPs' proposed classes of non-California governmental plaintiffs, it
> would be responsible for safeguarding the interests of absent class
> members.  Given that such class members would, in this proposed
> class, consist of political subdivisions of states, with their own
> obligations to their own citizens, their own specific relationships to
> their states (and any parens patriae actions their states may bring),
> their own organizing charters (or lack thereof), and additional
> complexities that may yet disclose themselves, the Court lacks

---

[24]   Rule 23(d)(1)(D) authorizes a court presiding over a putative class action, including at the
threshold pleading stage, to require "that the pleadings be amended to eliminate allegations about
representation of absent persons and that the action proceed accordingly."  *See* 1 McLaughlin on
Class Actions § 3:4 n.1 (noting that courts have "'authority to strike class allegations prior to
discovery if the complaint demonstrates that a class action cannot be maintained'" (quoting
*Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010))).

> information regarding how the Court could discharge its duties to
> the purported governmental class members.

*Id.* at \*18 n.18.  Similar considerations warrant threshold dismissal in the present case.

*Second*, unlike other cases in these proceedings, there is no prospect that permitting this case to percolate beyond the threshold would create a realistic possibility of a class-wide settlement.  The inherent uncertainty about the viability of the alleged Nationwide and Damages Classes—and whether the Named Plaintiffs and their solely private counsel may represent the putative class members—undermines any confidence that any absent government entities would be bound by a class settlement.  For instance, even if none of the States affirmatively opted out of a class settlement, this Court would still "lack[] jurisdiction over" the States and the judgment could not run against them.  *Walker*, 982 F. Supp. at 1210.  Likewise, none of the absent county and municipal entities would be represented by their legally authorized government attorneys, nor could they individually supervise the litigation conducted by private Plaintiffs' counsel.  In these circumstances, the government entities would be "inadequately represented by the named plaintiffs … deprived of due process of law, and the resulting judgment [would] not [be] afforded res judicata effect insofar as it purports to bind [the] absent class members."  *Sagers v. Yellow Freight Sys., Inc.*, 68 F.R.D. 686, 689 (N.D. Ga. 1975) (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940)).

As a result of such uncertainties, any class settlement would be impossible.  There are no assurances that any of the absent government entities would ever be bound by a settlement, regardless of any procedures or findings of appropriate class certification that this Court might make.  *See Pelt v. Utah*, 539 F.3d 1271, 1285 (10th Cir. 2008) ("It is well settled that a court adjudicating a class action cannot predetermine the res judicata effect of its own judgment; that can only be determined in a subsequent suit.").  The Court should not permit this case to proceed

31

under the false hope that a settlement in this case might resolve the potential claims of all

government entities in the United States, because this case is not an appropriate vehicle for those

claims.  The Named Plaintiffs' claims must be dismissed now, so any interested government

entities may pursue their own interests with their own consent, under their own statutorily

authorized procedures, and represented by their own official lawyers, should they choose to do

so.

## CONCLUSION

For all of the foregoing reasons, the Court should dismiss all class components of the

Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 23(d)(1)(D).  In

addition, for the reasons explained in part II.D, the Court should also order, pursuant to Fed. R.

Civ. P. 12(e), that each Named Plaintiff provide a more definite statement explaining its capacity

and authority to assert claims in this case and to do so while being represented solely by private

counsel.

Respectfully submitted.

WILMER CUTLER PICKERING HALE
AND DORR LLP

October 31, 2014                    By:    /s/ Steven F. Cherry
                                           Steven F. Cherry
                                           Patrick J. Carome
                                           David P. Donovan
                                           David S. Molot
                                           Brian C. Smith
                                           Kurt G. Kastorf
                                           WILMER CUTLER PICKERING HALE
                                           AND DORR LLP
                                           1875 Pennsylvania Avenue, NW
                                           Washington, DC  20006
                                           Telephone: (202) 663-6000
                                           Facsimile:  (202) 663-6363
                                           steven.cherry@wilmerhale.com

32

patrick.carome@wilmerhale.com
david.donovan@wilmerhale.com
david.molot@wilmerhale.com
brian.smith@wilmerhale.com
kurt.kastorf@wilmerhale.com

*Attorneys for Defendants DENSO Corporation
and DENSO International America, Inc.*

Steven M. Zarowny (P33362)
General Counsel
DENSO INTERNATIONAL AMERICA, INC.
24777 Denso Drive
Southfield, MI  48033
Telephone: (248) 372-8252
Facsimile:  (248) 213-2551
STEVE_ZAROWNY@denso-diam.com

*Attorney for Defendants DENSO International
America, Inc.*

ARNOLD & PORTER LLP

October 31, 2014                By:    /s/ James L. Cooper (w/consent)
                                       James L. Cooper
                                       Michael A. Rubin
                                       Laura Cofer Taylor
                                       Katherine Clemons
                                       ARNOLD & PORTER LLP
                                       555 Twelfth Street, NW
                                       Washington, DC  20004
                                       Telephone: (202) 942-5000
                                       Facsimile:  (202) 942-5999
                                       james.cooper@aporter.com
                                       michael.rubin@aporter.com
                                       laura.taylor@aporter.com
                                       katherine.clemons@aporter.com

                                       Joanne Geha Swanson (P33594)
                                       Fred Herrmann (P49519)
                                       Matthew L. Powell (P69186)
                                       KERR, RUSSELL AND WEBER, PLC
                                       500 Woodward Avenue, Suite 2500
                                       Detroit, MI  48226

33

Telephone: (313) 961-0200
Facsimile:  (313) 961-0388
jswanson@kerr-russell.com
fherrmann@kerr-russell.com
mpowell@kerr-russell.com

*Attorneys for Defendant Fujikura Ltd.*

LANE POWELL PC

October 31, 2014          By:     /s/ Larry S. Gangnes (w/consent)
Larry S. Gangnes
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111
Telephone: (206) 223-7000
Facsimile:  (206) 223-7107
gangnesl@lanepowell.com

Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
LANE POWELL PC
ODS Tower
601 SW Second Avenue, Suite 2100
Portland, OR  97204
Telephone: (503) 778-2100
Facsimile:  (503) 778-2200
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com

Richard Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 West Big Beaver Road, Suite 600
Troy, MI  48084
Telephone: (248) 528-1111
Facsimile:  (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Furukawa Electric Co., Ltd. and American Furukawa, Inc.*

PORTER WRIGHT MORRIS & ARTHUR LLP

October 31, 2014          By:     /s/ Donald M. Barnes (w/consent)
                                  Donald M. Barnes
                                  Jay L. Levine
                                  Molly S. Crabtree
                                  John C. Monica, Jr.
                                  Jason E. Starling
                                  PORTER WRIGHT MORRIS & ARTHUR LLP
                                  1900 K Street, NW, Suite 1110
                                  Washington, DC  20006
                                  Telephone:  (202) 778-3000
                                  Facsimile:  (202) 778-3063
                                  dbarnes@porterwright.com
                                  jlevine@porterwright.com
                                  mcrabtree@porterwright.com
                                  jmonica@porterwright.com
                                  jstarling@porterwright.com

*Attorneys for Defendants G.S. Electech, Inc., G.S.W. Manufacturing, Inc., and G.S. Wiring Systems, Inc.*

O'MELVENY & MYERS LLP

October 31, 2014          By:     /s/ Michael F. Tubach (w/consent)
                                  Michael F. Tubach
                                  O'MELVENY & MYERS LLP
                                  Two Embarcadero Center, 28th Floor
                                  San Francisco, CA  94111
                                  Telephone:  (415) 984-8700
                                  Facsimile:  (415) 984-8701
                                  mtubach@omm.com

                                  Michael R. Turco
                                  BROOKS WILKINS SHARKEY & TURCO PLLC
                                  401 South Old Woodward, Suite 400
                                  Birmingham, MI  48009
                                  turco@bwst-law.com

35

Telephone:  (248) 971-1713
Facsimile:  (248) 971-1801

*Attorneys for Defendants Leoni Wiring Systems,
Inc. and Leonische Holding Inc.*


LATHAM & WATKINS LLP

October 31, 2014          By:      /s/ Marguerite M. Sullivan (w/consent)
                                   Marguerite M. Sullivan
                                   LATHAM & WATKINS
                                   555 Eleventh Street NW, Suite 1000
                                   Washington, DC  20004
                                   Telephone: (202) 637-2200
                                   Facsimile:  (202) 637-2201
                                   marguerite.sullivan@lw.com

                                   Daniel M. Wall
                                   LATHAM & WATKINS
                                   505 Montgomery Street, Suite 2000
                                   San Francisco, CA  94111
                                   Telephone: (415) 395-0600
                                   Facsimile:  (415) 395-8095
                                   dan.wall@lw.com

                                   William H. Horton (P31567)
                                   GIARMARCO, MULLINS & HORTON, P.C.
                                   101 West Big Beaver Road, Tenth Floor
                                   Troy, MI  48084-5280
                                   Telephone: (248) 457-7060
                                   Facsimile:  (248) 457-7001
                                   bhorton@gmhlaw.com

                                   *Attorneys for Defendants Sumitomo Electric
                                   Industries, Ltd., Sumitomo Wiring Systems, Ltd.,
                                   Sumitomo Electric Wiring Systems, Inc., K&S
                                   Wiring Systems, Inc., Sumitomo Electric Wintec
                                   America, Inc., and Sumitomo Wiring Systems
                                   (U.S.A.) Inc.*


                                   BUTZEL LONG

October 31, 2014          By:      /s/ David F. DuMouchel (w/consent)
                                   David F. DuMouchel

36

Sheldon H. Klein
George B. Donnini
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI  48226
Telephone: (313) 225-7000
Facsimile:  (313) 225-7080
dumouched@butzel.com
klein@butzel.com
donnini@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW
Suite 300
Washington, DC  20037
Telephone: (202) 663-7820
Facsimile:  (202) 663-7849
TMiller@bakerandmiller.com

*Attorneys for Defendants TRAM, Inc. and Tokai Rika Co., Ltd.*

JONES DAY

October 31, 2014          By:  /s/ John M. Majoras (w/consent)
                               John M. Majoras
                               Michael R. Shumaker
                               Carmen G. McLean
                               Tiffany D. Lipscomb-Jackson
                               JONES DAY
                               51 Louisiana Avenue, NW
                               Washington, DC  20001-2113
                               Telephone: (202) 879-3939
                               Facsimile:  (202) 626-1700
                               jmmajoras@jonesday.com
                               mrshumaker@jonesday.com
                               cgmclean@jonesday.com
                               tdlipscombjackson@jonesday.com

                               Michelle K. Fischer
                               Stephen J. Squeri
                               JONES DAY
                               North Point
                               901 Lakeside Avenue

Cleveland, OH  44114
Telephone: (216) 586-3939
Facsimile:  (216) 579-0212
mfischer@jonesday.com
sjsqueri@jonesday.com

*Attorneys for Defendants Yazaki Corporation and*
*Yazaki North America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2014, I caused the foregoing Defendants' Collective Motion (1) To Dismiss All Class Components Of The Complaint And (2) For A More Definite Statement Regarding Named Plaintiffs' Individual Claims to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

Dated:  October 31, 2014          By:     /s/ Steven F. Cherry
                                          Steven F. Cherry
                                          WILMER CUTLER PICKERING HALE AND
                                          DORR LLP
                                          1875 Pennsylvania Avenue, NW
                                          Washington, DC 20006
                                          Telephone:  (202) 663-6000
                                          Facsimile:  (202) 663-6363
                                          steven.cherry@wilmerhale.com